## Wagenseller's Estate.

*Weak-minded persons—Guardian—Control of real and personal property.*
1. The court will not, on the petition of the husband of a weak-minded, person, make an order on the guardian of such person to deliver jewelry belonging! to the latter to her daughter.
2. Nor will an order be made, at the instance of the husband, on the guardian to compel the latter to join in the conveyance of the husband's real estate or in the sale and conveyance of the wife's real estate.
3. Such matters are within the good judgment and discretion of the guardian, and orders respecting them will not be made unless the guardian joins in the petition therefor and satisfies the court that they should be allowed.

Rule to show cause, &c. C. P. Snyder Co., Oct. T., 1915, No. 13.

A. F. Gilbert and C. P. Ulrich, for rule.

George B. Reimensnyder and George P. Deppen, contra.

POTTER, P. J., Nov. 21, 1924.—On Sept. 8, 1924, George W. Wagenseller, the husband of Miriam O. Wagenseller, by his attorneys, presented his petition, asking for a rule on The Sunbury Trust and Safe Deposit Company, guardian of Miriam O. Wagenseller, the parts of which are in contention being as follows:

"That said George W. Wagenseller deems it fair that said guardian should agree to the following terms, viz.:

"*(a)* That the said guardian join with said George W. Wagenseller in the conveyance of all his real estate in the State of Pennsylvania, either at public or private sale.

"*(b)* That a diamond ring, the property of said Miriam O. Wagenseller, now in the vaults of said guardian, be given to their only child, Doris Wagenseller, who is now eighteen years of age, for the reason that Miriam O. Wagenseller, unfortunately, has no use of said ring, and because we firmly believe that if this unfortunate mother could do so, she would insist upon this being complied with.

"*(c)* That the said Miriam O. Wagenseller has at present a fund of about $2600 in the hands of said guardian; that she also owns a house and lot in Middleburg, Pennsylvania, worth about $3000, which, as a rental proposition, is unprofitable, and that said home could be sold for about $3000, which would increase her capital to about $5000 or more, and produce an annual income of about $250; that the net income of said fund should be applied annually to the maintenance and support of said Miriam O. Wagenseller, and should not accumulate, under certain conditions, in favor of George W. Wagenseller and Doris Wagenseller, her legal heirs; that the income from the additional $5000 which George W. Wagenseller is to deposit in trust, as suggested by the court, in said equity case should be next applied to her annual support, and if such total annual income is insufficient to properly maintain the said Miriam O. Wagenseller, that then a part of said $5000 so deposited in trust shall be applied thereto.

"*(d)* That the beneficiary of a $2000 life insurance policy No. 661906 in the Mutual Life Insurance Company of New York be transferred from Miriam O. Wagenseller to the estate of said George W. Wagenseller.

"We, therefore, pray that a rule, or a citation, as the court may determine, shall be granted on said guardian to show cause why an order should not be made on this petition that the aforesaid requests of said George W. Wagenseller be complied with, and they will ever pray, &c."

The guardian filed an answer to this rule, which was duly granted, denying the authority of the court to enter an affirmative order on the requests in the petition contained.

Relative to the guardian joining with George W. Wagenseller in the sale of his real estate in Pennsylvania, we can only say that we cannot order this to be done. This is largely a matter of discretion determinable in the sound judgment of the guardian. Should the guardian present a petition asking for permission to join with George W. Wagenseller in the sale of this real estate, we would then be in a position to sanction the request, but so long as the guardian, as custodian of its ward's best interests, does not ask for this order, we have no power, in this instance, to direct them to do so. We know of no law allowing this to be done.

In relation to the diamond ring and the insurance policy, they are the property of Miriam O. Wagenseller, and her guardian is the custodian of them, and we have no authority to direct this guardian as to their disposition.

As to the sale of the house and lot of the ward, located in Middleburg, this again is a matter that rests within the good judgment and discretion of the guardian, which we presume has full control of and receives the rental for the same. We fail to see how we can make an order respecting it, unless the guardian joins in the petition therefor and satisfies the court that it should be sold.

These articles are the property of and belong to Miriam O. Wagenseller, are here in her own right and under the control of her guardian. Before any

order respecting them could be made, a petition should be presented by the guardian showing the court that her best interests would be served by granting the prayer of the petition, and this we do not have, the petition for the order having been made by a person or persons who do not own the said property or any part of it.

We would be more than pleased to be instrumental in bringing this protracted litigation to a happy ending, but we must exercise the administration of the law within its pales and boundaries. The court has the law, set up as a beacon light, to guide and direct its official actions, and when this is departed from, then, indeed, courts will be brought into disrepute, and rightly so.

And now, to wit, Nov. 21, 1924, the rule is discharged.